**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7583**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC MAURICE GALLMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:14-cr-00292-PWG-2)

Submitted:  November 3, 2021                    Decided:  January 14, 2022

Before GREGORY, Chief Judge, KING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Eric Maurice Gallman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Maurice Gallman seeks to appeal the district court's order denying his motions seeking to challenge the third amended final order of forfeiture. We dismiss the appeal.

Gallman was convicted in 2016 after pleading guilty to conspiracy to commit mail and wire fraud, mail fraud, and conspiracy to commit money laundering. The district court entered the preliminary order of forfeiture on May 18, 2016 and the amended judgment on June 21, 2016. Gallman did not appeal the preliminary order or judgment. On March 18, 2020, the district court entered the third amended final order of forfeiture. Gallman subsequently filed motions seeking to challenge the order, which the district court denied.

"Article III demands that an 'actual controversy' persist throughout all stages of litigation." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (citation omitted). "That means that standing 'must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" *Id*. (citation omitted). "[A]ny person invoking the power of a federal court must demonstrate standing to do so." *Id*. at 704. "To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'" *Id*. at 705 (citation omitted). "A defendant has standing to challenge a preliminary order of forfeiture because that order causes his injury—the loss of his property. A final order of forfeiture, in contrast, is entered after the defendant has already lost ownership of the property and decides only third parties' rights in the property." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (citing *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019); *United States v. Flanders*, 752 F.3d 1317,

2

1343 (11th Cir. 2014)).  A defendant "cannot appeal the final forfeiture order because it 'has no bearing on the defendant's rights.'"  *Amodeo*, 916 F.3d at 972 (citation omitted).

We have reviewed the record and Gallman's informal brief, and we conclude that he lacks standing to appeal the district court's order.  *See* Fed. R. Crim. P. 32.2 advisory committee's note to 2000 adoption, subdivision (b); *Hollingsworth*, 570 U.S. at 704-06; *Amodeo*, 916 F.3d at 972-74.  Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*